## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

SABRINA L. CRUMPLER,

                              Plaintiff,

-vs-
                                              DECISION AND ORDER
                                              06-CV-6145-CJS

JOANNE B. BARNHART, Commissioner of Social
Security,

                              Defendant.

### APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Catherine M. Callery, Esq., <br> Empire Justice Center <br> One West Main Street <br> Suite 200 <br> Rochester, NY 14614 <br> (585) 295-5727 |
| For the Commissioner: | Terrance P. Flynn <br> United States Attorney for the Western District of New York <br> By: Brian McCarthy, Assistant United States Attorney <br> 100 State Street <br> Rochester, NY 14614 <br> (585) 263-6760 x2233 |

### INTRODUCTION

**Siragusa, J.** This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner") who denied plaintiff's application for disability benefits. Now before the Court is the Commissioner's motion for judgment on the pleadings (# 7) and plaintiff's cross-motion for judgment on the pleadings (# 9). For the reasons stated below, the Commissioner's decision denying

benefits is reversed, and the case is remanded pursuant to sentence four of § 405(g) for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff Sabrina Crumpler ("plaintiff") is a forty-nine-year-old woman who is allegedly disabled due to recurrent major depression with psychotic features, and due to Hepatitis C, and ankle arthritis. She filed an application for Supplemental Security Income (SSI) disability benefits on October 11, 2002. (Record at 37-39.)[1] Following a denial of her application on March 24, 2003 (Record at 25-28), plaintiff, on April 15, 2003, requested a hearing before an Administrative Law Judge (ALJ). (Record at 29.)

Paralegal Doris M. Cortes of the Public Interest Law Office of Rochester (Record at 16) represented plaintiff at a hearing held in Rochester on May 24, 2004, before Administrative Law Judge ("ALJ") O. Price Dodson of Norfolk, Virginia. (Record at 17-22.) Plaintiff appeared and testified (Record at 247-263), as did vocational expert Jay Steinbrenner ("VE") (Record at 30-33).

The ALJ issued a decision on June 24, 2002. (Record at 9-15.)  He found that plaintiff's condition met Listing 12.09 for substance abuse, but determined that her substance abuse was material to her claim for disability. Therefore, he found that she could return to her past relevant work as a janitorial cleaner. Plaintiff filed a timely appeal with the Appeals Council.  (Record at 8.) On January 11, 2006, the Appeals Council denied her

---

[1]Reports completed in connection with her application, and the Social Security Administration's (SSA's) documentation denying her claim, are at (Record at 23, 34-37, 51-71, 72-73, 168-192.)

Request for Review. (Record at 4-7.) Both the Commissioner and plaintiff now move for judgment on the pleadings.

## FACTUAL BACKGROUND

*Non-Medical Evidence*

Plaintiff left school in the tenth grade, but eventually received her GED. (Record at 58, 134, 250.) Her only vocational experience was doing cleaning in 2001 and 2002. (Record at 53, 134, 251-52.) Plaintiff's earnings record confirms that 2001 and 2002 were the only years that she had any significant income. (Record at 40-49.) At the hearing, she testified that was fired from the cleaning job because of unexcused absences. (Record at 252; *see also* Record at 134.) She also reported that she was not able to concentrate at the job and that her back and ankle pain, as well as her depression, interfered with her ability to work. (Record at 52.)

During his testimony at the hearing (Record at 261-62), the VE was only asked to give a vocational assessment of plaintiff's past work, which he identified as a janitorial cleaner. According to the VE, it required medium exertion. (Record at 262.)

*Medical Evidence*

The parties have set out in great detail the medical evidence in the Record. Accordingly, the Court will not repeat it in detail here. Of significance to the Court's decision to reverse and remand, however, is treating psychiatrist Gregory Seeger's report of March 19, 2004. Dr. Seeger, who had been treating plaintiff since January 24, 2003 (Record at 152-53), diagnosed her as follows: "Axis I: Major depression recurrent with psychotic features. Alcohol dependence. Cocaine dependence." (Record at 239.) He indicated in his

March 19, 2004, report that even if plaintiff discontinued her drug and alcohol use, her restrictions would persist. (Record at 221.)

## STANDARDS OF LAW

*The Standard for Finding a Disability*

For purposes of the Social Security Act, disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). However, a claimant shall not be considered disabled "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

The Social Security Administration ("SSA") has promulgated regulations which establish a five-step sequential analysis an ALJ must follow: First, the SSA considers whether the claimant is currently engaged in substantial gainful employment. If not, then the SSA considers whether the claimant has a "severe impairment" that significantly limits the "ability to do basic work activities." If the claimant does suffer such an impairment, then the SSA determines whether this impairment is one of those listed in Appendix 1 of the regulations. If the claimant's impairment is one of those listed, the SSA will presume the claimant to be disabled. If the impairment is not so listed, then the SSA must determine whether the claimant possesses the "residual functional capacity" to perform his or her past relevant work. Finally, if the claimant is unable to perform his or her past relevant work, then the burden shifts to the SSA to prove that the claimant is capable of performing" any

other work." *Schaal*, 134 F.3d at 501(citations and internal quotation marks omitted). Plaintiff bears the burden of proof for steps one through four. The burden of proof shifts to the Commissioner for the fifth step. *See DeChirico v. Callahan*, 134 F.3d 1177, 1179-80 (2d Cir.1998); *Colon v. Apfel*, No. 98 Civ. 4732 (HB), 2000 WL 282898, *3 (S.D.N.Y., Mar. 15, 2000).

***The Standard of Review***

The statute provides that, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The issue to be determined by this Court is whether the Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Schaal*, 134 F.3d at 501. Substantial evidence is more than a mere scintilla. It is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401(1971) (quotation omitted).

Where there are gaps in the administrative record or where the Commissioner has applied an incorrect legal standard, remand for further development of the record may be appropriate. *Parker*, 626 F.2d at 235. However, where the record provides persuasive proof of disability and a remand would serve no useful purpose, the Court may reverse and remand for calculation and payment of benefits. *Id*.

Federal courts are not empowered to review the Commissioner's denial of disability benefits *de novo*. *See Williams v. Callahan*, 30 F. Supp. 2d 588, 592 (E.D.N.Y. 1998);

*Fishburn v. Sullivan*, 802 F. Supp. 1018, 1023 (S.D.N.Y. 1992). The scope of review involves first the determination of whether the ALJ applied the correct legal standards, and second, whether the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Although district court is not bound by the Commissioner's conclusions and inferences of law, the ALJ's findings and inferences of fact are entitled to judicial deference. *Grubb v. Chater*, 992 F. Supp. 634, 637 (E.D.N.Y. 1998). Absent legal error, the Commissioner's finding that a claimant is not disabled is conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Filocomo v. Chater*, 944 F. Supp. 165, 168 (E.D.N.Y. 1996).

*Treating Physician Rule*

The law gives special weight to the opinion of the treating physician. The SSA's regulations provide:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply [various factors] in determining the weight to give the opinion.

20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2004). The various factors applied when the treating physician's opinion is not given controlling weight include: (1) the frequency of examination and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; and (5) other relevant factors. *Id.* The regulations further provide that the SSA "will always give good reasons" for the weight given to the treating physician's opinion. 20 C.F.R. § 404.1527(d)(2) (2004); *see also*,

*Schaal*, 134 F.3d at 503-504; *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

### *Substance Abuse Evidence*

When the record contains medical evidence of substance abuse, the Commissioner must evaluate the evidence pursuant to the following regulation:

> (a) *General*. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) *Process we will follow when we have medical evidence of your drug addiction or alcoholism*. (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
>> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>>
>>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>>>
>>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 404.1535(a)-(b), 60 F.R. 8147 (Feb. 10, 1995).

**ANALYSIS**

At oral argument, counsel for the Commissioner candidly conceded that the ALJ's decision was legally deficient and should be reversed.[2] The parties differ only on whether remand should be for a rehearing, or for calculation of benefits. Plaintiff does not deny her problem with drugs and alcohol, but argues that it is her underlying psychiatric problems, rather than her polysubstance abuse, that renders her disabled. Accordingly, she argues that the Record contains persuasive proof of disability and a remand for a rehearing would serve no useful purpose, and that the Court should reverse and remand only for the calculation and payment of benefits. First, the Court determines that the ALJ's decision is legally deficient, since it fails to address the treating physician rule and, therefore, must be reversed.

Turning to the question of whether the case should be remanded for calculation of benefits as urged by plaintiff, the Court notes, as mentioned above, that an individual is not considered disabled if alcoholism or drug addiction would be a contributing factor material to the Commissione's decision. 42 U.S.C. § 423(d)(2)(C). Here, the ALJ determined that "although [plaintiff] has an impairment that meets the criteria of one of the listed impairments in Appendix 1 of the regulations, the medical evidence establishes that she would not be disabled if she stopped her polysubstance abuse." (Record at 12.) In failing to apply the treating physician rule, the ALJ did not give controlling weight to the April 10, 2003, diagnosis of Gregory Seeger, M.D., plaintiff's psychiatrist, or assess plaintiff's

---

[2]"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

argument that Dr. Seeger could not have diagnosed major depressive disorder if plaintiff's depression was caused by drug or alcohol abuse. Dr. Seeger diagnosed plaintiff with "296.34 Major Depressive Disorder, Recurrent, severe w/psychotic features; 304.20 Cocaine Dep; 303.90 Alcohol Dep.; 304.30 Cannabis Dep." (Record at 237-38.) The Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (Text Revision) ("DSM-IV-TR™") addresses the diagnostic features of Major Depressive Disorder. In pertinent part it states as follows:

> Episodes of Substance-Induced Mood Disorder (due to the direct physiological effects of a drug of abuse, a medication, or toxin exposure) or of Mood Disorder Due to a General Medical Condition do not count toward a diagnosis of Major Depressive Disorder . . . .
>
> The fifth digit in the diagnostic code for Major Depressive Disorder indicates the current state of the disturbance . . . .
>
> If the full criteria are currently met for a Major Depressive Episode, the fifth digit indicates the current severity as follows: . . . 4 for Severe With Psychotic Features.

DSM-IV-TR™ at 369-70. The DSM-IV-TR™ also states, "Chronic general medical conditions and Substance Dependence (particularly Alcohol or Cocaine Dependence) may contribute to the onset or exacerbation of Major Depressive Disorder." *Id*. at 373. Dr. Seeger noted on his report of April 10, 2003, that the discharge criteria for plaintiff was to achieve "100% abstinence from drugs and alcohol; established sober support system in community; 100% stable mood for at least 3 consecutive months; and 100% medication compliance." (Record at 238.) This information, in the context of the DSM-IV-TR™ provisions quoted above, raises a question in the Court's mind about whether Dr. Seeger may have wanted plaintiff in total abstinence from drugs in order to assess whether her polysubstance abuse contributed to the onset or exacerbation of her Major Depressive

Disorder and, consequently, her mental impairments. A remand for a new hearing would permit the Commissioner to see that the treating physician rule is properly applied, and to fill in any gaps in the medical records, or respond to any questions raised by the records. Accordingly, the Court determines that the best course in this matter is to remand the case for a new hearing.

## CONCLUSION

For all of the foregoing reasons, the Commissioner's motion for judgment on the pleadings (# 7) is denied, and plaintiff's cross-motion for judgment (# 9) is granted in part, the decision of the Commissioner denying benefits is reversed pursuant to 42 U.S.C. § 405(g), fourth sentence, and the matter is remanded for a new hearing. The Court urges the Commissioner to promptly address this matter.

It is so ordered.

Dated:   January 24, 2007
         Rochester, New York

        ENTER:        /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge